UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA RITZ, individually and on behalf of others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DIRECTORY PUBLISHING SOLUTIONS,)<br>INC., and PAUL DUFOUR, )<br>)<br>Defendants. ) | Case No. 4:13CV01236 AGF |

## MEMORANDUM AND ORDER

This collective action under the Fair Labor Standards Act ("FLSA") for unpaid wages is before the Court on Defendant's "renewed" motion to compel production of documents. The ten opt-in Plaintiffs contend that they were misclassified as exempt from the FLSA and denied overtime compensation during their employment with Defendants. Plaintiffs worked from their homes as Telephone Sales Representatives ("TSRs") selling advertisements for phone books. To complete sales, Plaintiffs called, faxed, and emailed current and potential customers to sell the advertising space. Two Plaintiffs assert that they repeatedly worked between 50 and 70 hours per week; others estimated about 5 hours of overtime per week. It is undisputed that prior to April 2013, Defendants did not keep records of the hours worked by its TSRs.

By Order dated February 19, 2014, the Court granted in part Defendants' motion to compel the production of certain documents. Among other records, Defendants requested phone and Internet records showing calls and texts from each Plaintiff's cell and home

phones, between 7:00 a.m. and 7:00 p.m. Monday through Friday from May 1, 2010; and the time, date, sender, and receiver of personal emails and internet messages during that time frame. Defendant contended that these records were relevant to whether Plaintiffs engaged in personal activities while they claimed they were working for Defendants. The Court ordered two Plaintiffs (of Defendants' choosing) to produce these documents for a two-month period, as a sampling to determine whether such records were probative for Defendants' defense.

Defendants now assert that the documents that were produced indeed proved to be probative, as they demonstrate that the two Plaintiffs engaged in significant personal activities during time they alleged that they were working for Defendants. And so Defendants now ask for the same records from all Plaintiffs for the period of their employment with Defendants. Defendants assert that these records are easy to obtain – through either a subpoena at no cost or effort from Plaintiffs or a few clicks of a button on Plaintiffs' computers. Defendants emphasis that they are not seeking the content of these communications. Plaintiffs respond that Defendants' motion is really a motion to reconsider the Court's prior ruling and, as such, the motion should be treated with disfavor. Plaintiffs argue that the material sought is intrusive, burdensome, and irrelevant. They assert their belief that Defendants discovery efforts are intended to harass Plaintiffs, to suppress opt-in participation, and to delay this litigation.

## DISCUSSION

As the Court noted in its February 19, 2013 Order, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defenses," and

2

"[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). And "after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 4:09CV234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).

Although Plaintiff argues that the material sought is intrusive, burdensome, and irrelevant, they do not explain how it is burdensome, nor how it is intrusive, as the content of the communications at issue is not sought. While the records produced in response to the Court's February 19, 2014 Order, hardly "paint a lurid picture" of Plaintiffs' activities during time they allegedly spent working, as Defendants state, the Court does believe that the records do show that the information sought may be relevant to Defendants' defense. As Plaintiffs have failed to present a persuasive argument that the discovery sought would be overly-burdensome or overly-intrusive, the Court will grant Defendants' motion.

As the Court provided in its February 19, 2014 Order, Plaintiffs may produce any or all of the information at issue pursuant to a Stipulated Protective Order that the parties agree upon and submit to this Court for entry.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' renewed motion to compel (Doc. No. 59) is **GRANTED** such that within ten days of the date of this Memorandum and

Order, Plaintiffs shall (1) produce their home phone and cellular phone records for the time period that they were employed by Defendants, (2) provide the time, date, sender, and receiver of text messages, personal emails, and Facebook messages sent or received during their employment with Defendants, and (3) consent to the subpoena of such information from the applicable service providers for existing messages unavailable to Plaintiffs.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2014.