UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA RITZ, individually and on behalf of all other similarly situated individuals, ) ) ) ) Plaintiff, ) ) v. ) ) DIRECTORY PUBLISGSHING ) SOLUTIONS and PAUL DUFOUR, ) ) Defendants. ) | Case No. 4:13CV01236 AGF |

## MEMORANDUM AND ORDER

This action for unpaid overtime wages is before the Court on the parties' joint motion for approval of a settlement agreement reached in this case. For the reasons set forth below, the motion shall be denied at this point.

## BACKGROUND

Plaintiff alleges in her complaint that Defendants failed to pay her and all other similarly situated individuals who have been employed by Defendants as in-home telephone sales representatives for the three years prior to the filing of the complaint, for overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. (Count I), and the Illinois Minimum Wage Law (Count II). At present there are a total of 9 individuals, in addition to the named Plaintiff, who have opted in as Plaintiffs in the Count I FLSA collective action.

The parties have submitted for judicial review the Settlement Agreement and Release

they reached in the case, and ask the Court to approve the agreement and dismiss the case with prejudice. The Agreement sets forth the gross settlement amount; the amounts from the gross settlement to go to attorney's fees and to an incentive payment for the named defendant; and how the remainder is to be apportioned among the ten FLSA Plaintiffs. The Agreement also sets forth the release of claims against Defendants by the FLSA Plaintiffs, the schedule for the distribution of settlement payments, and the provision that the Agreement is to remain confidential.

## **DISCUSSION**

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Accordingly, as long as the Court is satisfied that a settlement reached in adversarial proceedings represents a fair and equitable compromise of a bona fide wage and hour dispute, the settlement may be approved, and stipulated judgment entered." *Simmons v. Enter. Holdings, Inc*., No. 4:10CV00625AGF, 2012 WL 2885919, at *1 (E.D. Mo. July 13, 2012) (citing cases).

"To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees." *Grove v. ZW Tech, Inc*., No. 11–2445–KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012). To determine whether a settlement of an FLSA collective action is fair and equitable to all parties, courts apply the same fairness factors as apply to a proposed class action settlement under Federal Rule of Civil Procedure 23(e), which include "(1)

whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation and (4) the judgment of the parties that the settlement is fair and reasonable." *Id*.

Here, the parties have not made a sufficient record upon which the Court can determine whether the settlement, and more specifically, the attorney's fees agreed upon, is fair and reasonable. The parties have not submitted any billing records or any indication of how many hours counsel expended on the case. Nor have the parties explained the basis for the apportionment of the payments among the ten Plaintiffs. Without such information, the Court cannot at this point approve the Settlement Agreement. *See, e.g., Gambrell v. Weber Carpet, Inc.*, No. 10-02131-KHV, 2012 WL 162403, at *3-4 (D. Kan. Jan 19, 2012).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for approval of the FLSA collective action settlement reached in this case is **DENIED** without prejudice to refiling such a motion upon supplementation of the record. (Doc. No. 68.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June, 2014.